**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

LYNN B. WHITTAKER                                                                                      PLAINTIFF

v.                                                      3:05CV00208 JTR

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                                             DEFENDANT

**ORDER**

Defendant has filed a Motion to Remand this case pursuant to sentence four of 42 U.S.C. § 405(g) (1995):

> The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

The Commissioner seeks remand for further development of the record, consideration of whether Plaintiff met Listing 12.05 and to issue a new decision. Plaintiff replied that she has no objection to the requested remand. Under the circumstances, a sentence four remand is appropriate. *Buckner v. Apfel*, 213 F.3d 1006, 1010-11 (8th Cir. 2000).

In her Response to Defendant's Motion, Plaintiff requested that the Court direct Defendant to assign a different Administrative Law Judge ("ALJ") to hear her claim. (Docket entry #10.) If Plaintiff contends that the ALJ is prejudiced or partial, she has administrative remedies that she may pursue. *See* 20 C.F.R. §§ 404.940, 416.1440 (2005).

This Court should not overstep the bounds of its reviewing authority.

> At least in the absence of substantial justification for doing otherwise, a reviewing court may not, after determining that additional evidence is requisite for adequate review, proceed by dictating to the agency the methods, procedures, and time dimension of the needed inquiry and ordering the results to be reported to the court without opportunity for further consideration on the basis of the new evidence by the agency. Such a procedure clearly runs the risk of "propel(ling)

>   the court into the domain which Congress has set aside exclusively for the administrative agency." *SEC v. Chenery Corp.*, 332 U.S. 194, 196, 67 S.Ct. 1575, 1577, 91 L.Ed. 1995 (1947). "The Court, it is true, has power 'to affirm, modify, or set aside' the order of the Commission 'in whole or in part.' . . . But that authority is not power to exercise an essentially administrative function." *FPC v. Idaho Power Co.*, 344 U.S. 17, 21, 73 S.Ct. 85, 87, 97 L.Ed. 15 (1952).

*FPC v. Transcontinental Gas Pipe Line Corp.*, 423 U.S. 326, 333 (1976) (footnote omitted).

One court considering such a request for remand to a different ALJ thought it would be proper where 1) a plaintiff explicitly requested it and 2) there was a "legitimate, compelling reason" to have a different ALJ on remand. *Lidy v. Sullivan*, 745 F.Supp. 1411, 1418 (S.D. Ind. 1989). Although Plaintiff made such a request, she did not show a compelling reason.

IT IS THEREFORE ORDERED that Defendant's Motion to Remand (docket entry #9) is hereby GRANTED. Plaintiff's request that the Court direct Defendant to assign a different ALJ is DENIED. All other pending Motions are hereby rendered MOOT. This is a "sentence four" remand. This dismissal is without prejudice to Plaintiff's subsequent filing for attorney's fees under the Equal Access to Justice Act.

DATED this 13th day of June, 2006.

_____
UNITED STATES MAGISTRATE JUDGE